***NOT FOR PUBLICATON***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GS1,<br><br>　　　　　　Defendant. | Civil Action No. 22-04247<br><br>**OPINION** |

**<u>WOLFSON, Chief Judge:</u>**

**THIS MATTER** having been opened to the Court by *pro se* plaintiff Jerome L. Grimes ("Plaintiff") on an application to proceed without prepayment of fees or costs and a Complaint against defendant GS1 ("Defendant"), which specifically asserts causes of action for negligence, supervisory negligence, and a violation of the Espionage Act for stealing trade secrets related to a children's book written by Plaintiff; it appearing that Plaintiff satisfies the requirements for *in forma pauperis* ("IFP") status; however, a complaint filed by a litigant proceeding IFP is subject to *sua sponte* dismissal by the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), if the complaint fails to state a claim upon which relief may be granted; accordingly, the Court having reviewed the Complaint makes the following findings:

　　　　1.　　　　Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Factual allegations set forth in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the *Twombly* standard, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to

suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In determining the sufficiency of a *pro se* complaint, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Court need not credit a *pro se* plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).[1]

2.      As an initial matter, Plaintiff's Complaint is largely incomprehensible, with sentences that do not form logical thoughts or ideas. As best the Court can tell, Plaintiff wrote a children's book titled, "Business Plan Coloring Book Works-of-Art," which he attempted to have registered with GS1. Compl. at 3. According to the Court's research, GS1 is a New Jersey based not-for-profit information standards organization that administers the Universal Product Code ("U.P.C.") barcode system, which is used to track various items in commerce, such as apparel, merchandise, and groceries, among other things. GS1 US, *Our Mission and History*, https://www.gs1us.org/what-we-do/about-gs1-us/mission-history. The Complaint narrates a confusing series of conversations between Plaintiff and GS1 employees, and at some point, Plaintiff alleges that a GS1 employee disclosed the existence of his book to another employee, which Plaintiff claims violates the Espionage Act of 1979. Later, Plaintiff alleges that two GS1 employees used intimidation and unfair billing practices to charge Plaintiff more money for the

---

[1] At this stage, on the face of the Complaint, the Court finds that Plaintiff has properly pled diversity jurisdiction under 28 U.S.C. 1332(a). Plaintiff alleges that he resides in Louisiana, although his temporary address is in Oregon, and that GS1 is incorporated under the laws of New Jersey. Compl. at 2. Therefore, the parties are diverse. Furthermore, Plaintiff requests relief of $1,400,000.00. Compl. at 12.

registration of his book in the GS1 system than he could afford, and also refused to let him speak to a supervisor.

3. Given this confusing Complaint, I find that Plaintiff has failed to state a claim upon which relief can be granted. To state a claim for negligence, "a plaintiff must establish four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 221 N.J. 36, 51 (2015) (internal quotations and citation omitted). To state a claim for negligent supervision, a Plaintiff must allege that "the employer knew or had reason to know that the employee exhibited dangerous characteristics, that there was a reasonable foreseeability of harm to others, and that negligent supervision was the proximate cause of the injuries." *Forrest v. Parry*, 930 F.3d 93, 112 (3d Cir. 2019) (citing *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 769 (D.N.J. 2016)). Even construing the Complaint liberally, the perplexing sentences and overall organization of the Complaint make it difficult for the Court to find a single element of either claim that has been properly alleged. Indeed, it is unclear, even if Plaintiff had drafted a more coherent Complaint, what duty of care Defendants could possibly owe Plaintiff, let alone whether Defendants were the proximate cause of any damages or harm. In that connection, Plaintiff has failed to state a claim for negligence or negligent supervision.

4. Furthermore, regarding Plaintiffs' claim under the "Espionage Act of 1979 to steal trade secret[s]," Compl. at 2, both the Espionage Act, 18 U.S.C. § 793, and the Economic Espionage Act, 18 U.S.C. §§ 1831-1839, which pertains to theft of trade secrets, are criminal statutes without a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (criminal statutes generally do not give rise to a private right of action). As such, Plaintiff cannot bring claims under these statutes.

**IT IS** on this 22nd day of August, 2022,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.  Plaintiff may file an amended Complaint correcting the deficiencies of his Complaint within 30 days.  If Plaintiff fails to amend the Complaint in that time, the matter will be dismissed.

/s/ Freda L. Wolfson<br>
Freda L. Wolfson<br>
U.S. Chief District Judge